0

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARLENE ELIZABETH PARSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. ED CV 13-00036-DFM<br><br>Memorandum Opinion and Order |

Plaintiff Marlene Parson ("Plaintiff") appeals from the denial of her application for Social Security benefits. On appeal, the Court concludes that the administrative law judge ("ALJ") properly considered all the relevant medical evidence. The ALJ also stated clear and convincing reasons to reject Plaintiff's testimony regarding her symptoms. Therefore, the Court affirms the ALJ's decision.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for Social Security disability insurance benefits alleging that she was disabled as of July 7, 2005. Administrative

Record ("AR") 119. On July 18, 2011, a hearing was held before the ALJ. Three witnesses testified: Dr. Arthur Lorber, M.D., an impartial medical expert ("ME"); Sandra M. Fioretti, an impartial vocational expert ("VE"), and Plaintiff. After reviewing Plaintiff's medical records, the ME questioned Plaintiff and provided an opinion about Plaintiff's impairments and her residual functional capacity ("RFC"). AR 33-43. Next, the VE testified about vocational possibilities in response to hypothetical RFC assessments presented by the ALJ. AR 44-49. Finally, Plaintiff testified as to her impairments and the limits that they placed on her ability to sustain employment. AR 50-57.

On August 5, 2011, the ALJ issued a decision denying Plaintiff Social Security benefits. The ALJ followed the required five-step decision-making process mandated by 20 C.F.R. § 404.1520. In the first step, the ALJ determined that Plaintiff did not engage in substantial gainful activity through her date last insured.[1] AR 20. In step two, the ALJ determined that Plaintiff had the following severe impairments: gait problem, right leg shorter than left leg; mild carpal tunnel syndrome; and mild degenerative disc disease of the cervical and lumbar spine. Id. The ALJ determined that Plaintiff's alleged fibromyalgia did not constitute a severe impairment, but noted that, viewing the evidence in the manner most favorable to the Plaintiff, he considered the fibromyalgia to be a non-severe medically determinable impairment. AR 20-21. In step three, the ALJ determined that Plaintiff's impairments did not meet a listing. AR 21. Before proceeding to step four, the ALJ made the following RFC determination:

---

[1] For the purposes of assessing Plaintiff's entitlement to Social Security benefits, the ALJ only considered Plaintiff's claims as they relate to the period from the date she allegedly became disabled through her date last insured, which the ALJ determined was March 31, 2010. See AR 18. Plaintiff does not dispute the date last insured finding on appeal.

> [Plaintiff] can lift and/or carry 10 pounds frequently and 20 pounds occasionally; stand and/or walk for six hours out of an eight-hour workday, with orthotic in shoe, no more than one hour at a time; sit for six hours out of an eight-hour workday, one hour at a time; occasionally climb, bend, stoop, kneel and crouch; occasionally work at unprotected heights and around dangerous machinery; and occasionally balance. [Plaintiff] is precluded from climbing ladders, ropes or scaffolds; exposure to extreme heat or cold; and exposure to concentrated vibrations. The work environment should be air conditioned.

AR 21.

At step four, the ALJ determined that, within the limits of her residual functional capacity, Plaintiff was capable of performing her prior work as a waitress, legal secretary, and medical assistant, as generally performed in the regional and national economy. AR 25-26. As a result, the ALJ determined that Plaintiff was not disabled, and the analysis stopped at step four. AR 26.

## II.

## ISSUES PRESENTED

The parties dispute (1) whether the ALJ properly considered all the relevant medical evidence of record, see Joint Stipulation ("JS") at 4-9; and (2) whether the ALJ properly considered Plaintiff's subjective complaints and properly assessed her credibility, see id. at 9-18.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g);

3

Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.

## DISCUSSION

**A.   The ALJ Properly Considered All of the Relevant Medical Evidence**

Plaintiff contends that the record lacks substantial evidence to support the determination that she is not disabled. Specifically, Plaintiff argues that the ALJ failed to properly consider relevant medical evidence of Plaintiff's (1) migraine headaches, (2) carpal tunnel syndrome ("CTS"), and (3) hand tremors and elbow tendonitis. JS at 4-9.

**1.    Migraine Headaches**

Plaintiff suffers from documented migraine headaches. AR 208-09, 247. She takes medication for the headaches, which limits them to once or twice a month. AR 53. According to Plaintiff's testimony, the headaches occur more often when untreated. Id.  Plaintiff contends that the ALJ "simply ignored [her] headaches without comment, failing to even address whether they are a medically determinable impairment, let alone a severe impairment." JS 4.

4

According to Plaintiff, the ALJ's "failure to even mention the headaches in his decision or give any weight whatsoever to these headaches which pose a significant impediment to Plaintiff's ability to sustain full time competitive employment clearly constitutes reversible error." Id.

The ALJ did not find that Plaintiff's migraine headaches comprised a severe impairment. See AR 20 ("The evidence does not support a finding of any additional functional limitations other than those discussed herein."). The Court does not find error in the ALJ's determination that Plaintiff's migraine headaches do not constitute a severe impairment. As an initial matter, Plaintiff's assertion about the omission of any mention of her migraine headaches from the ALJ's decision is belied by the record. In discussing his RFC findings, the ALJ noted: "The claimant testified she also had migraine headaches about twice a month. She asserted she started having these headaches since she was 24 years old." AR 22. Thus, the ALJ's decision reflects that he considered Plaintiff's migraine headaches but did not determine them to be severe impairments. This decision was supported by substantial evidence. The record reflects that Plaintiff's headaches are well-controlled through medication, and Plaintiff admitted that she had worked for many years despite them. AR 53.

The Court also finds that the ALJ's RFC assessment was supported by substantial evidence, notwithstanding Plaintiff's migraine headaches. In making his RFC findings, the ALJ relied significantly on the ME's assessment, which he accorded "great weight" in light of several factors weighing in favor of its trustworthiness. AR 24-25. Reports of a non-examining medical expert "need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). The ME based his assessment on Plaintiff's medical records, which contained several references to Plaintiff's

5

headaches.[2] Notably, Plaintiff did not present medical evidence demonstrating a more substantial impact from her headaches, evidence that would call into question the ALJ's decision to discount Plaintiff's migraines as a functional limitation. See Houghton v. Comm'r of Soc. Sec. Admin., 493 Fed. App'x. 843, 845 (9th Cir. 2012) (rejecting claim that ALJ failed to consider evidence of claimant's heart condition, sleep apnea, right heel injury, diabetes with neuropathy in the right leg, or obesity where claimant "has not shown that the ALJ discounted significant probative evidence of functional limitations or work-related restrictions" arising from the conditions); Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003) (holding that the ALJ need only discuss evidence that is significant and probative); Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (same).

Additionally, neither Plaintiff nor her counsel challenged the ME's RFC assessment at the ALJ hearing. See AR 43. Failure to cross-examine the ME about Plaintiff's migraine headaches left the ME's assessment essentially unchallenged. See Solorzano v. Astrue, No. 11-cv-369, 2012 WL 84527 (C.D. Cal. Jan. 10, 2012) ("Counsel are not supposed to be potted plants at administrative hearings. They have an obligation to take an active role and to raise issues that may impact the ALJ's decision while the hearing is proceeding so that they can be addressed."). Finally, Plaintiff herself testified that her migraine condition was controlled by medication, leaving her with only occasional, less significant headaches. AR 53 ("As long as I take the

---

[2] Plaintiff additionally claims that because the ME testified before her own testimony as to the extent of her headaches, the ME did not have an opportunity to incorporate the headaches into his assessment of Plaintiff's RFC. This argument is unpersuasive. Not only does Plaintiff cite no authority for the proposition that a medical expert must testify after a claimant, but Plaintiff did not object to the order of the testimony at the hearing.

[medication], they're not as often and not as bad.").

### 2.    CTS

Petitioner suffers from CTS in her left wrist and hand, which is treated with a wrist brace. AR 37-38. The ALJ determined that Plaintiff's "mild carpal tunnel syndrome" constituted a severe impairment. AR 20. Plaintiff contends that the ALJ failed to impose restrictions on his RFC that were specifically attributable to Plaintiff's CTS, and that the failure to do so was error because a severe impairment must necessarily reduce Plaintiff's RFC. See JS at 5.

Plaintiff cites no authority for the proposition that an ALJ must attribute specific limitations in the final RFC analysis to each of a claimant's severe impairments; indeed, the Ninth Circuit has rejected this argument. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009) (holding that alleged failure to attribute RFC limitations to claimant's adjustment disorder was not error, where substantial evidence supported the ALJ's RFC determination); Jenkins v. Astrue, No. 11-CV-1798, 2012 WL 6516455, at *13 (E.D. Cal. Dec. 13, 2012) ("[I]t is well-established that an ALJ is not required to include all the limitations from the impairments deemed severe at step two in the final RFC analysis.") (citing Bray).

The Court finds that that RFC assessment was supported by substantial evidence, notwithstanding Plaintiff's contentions regarding her CTS. The ALJ based his determination of Plaintiff's RFC on her severe and non-severe medically determinable impairments, including her CTS. AR 20. In making his RFC findings, the ALJ relied substantially on the ME's assessment. AR 24. The ME based his assessment on Plaintiff's medical records, which confirmed her CTS, as well as her testimony in response to several questions about her CTS posed by the ME at the hearing. See AR 37-40, 208-09. As with her migraine headaches, Plaintiff did not present medical evidence demonstrating a more substantial impact from her CTS, nor did she cross-examine the ME as

7

to the effect of her CTS on his RFC assessment.

### 3.    Hand Tremors and Tendonitis

Plaintiff suffers from left elbow tendonitis, which is treated with an elbow brace. AR 37-38. Plaintiff also suffers from left hand tremors. See AR 169. Plaintiff contends that the ALJ "completely failed to even mention" the tendonitis and hand tremors in his unfavorable opinion. JS at 5. She claims that these conditions constitute severe impairments, impacting her residual functional capacity. Id.

Neither Plaintiff's tendonitis nor her hand tremors was among the severe impairments determined by the ALJ. AR 20. The Court does not find error in the ALJ's determination that Plaintiff's tendonitis does not constitute a severe impairment. As an initial matter, Plaintiff's assertion that the ALJ failed to even mention her tendonitis is not supported by the record. In discussing his RFC findings, the ALJ noted Plaintiff's use of an elbow brace to treat tendonitis. See AR 22. Thus, the ALJ's decision reflects that he was aware of Plaintiff's tendonitis, but did not determine it to be a severe impairment. This determination was supported by substantial evidence. Plaintiff testified that she used the elbow brace whenever she had episodes of tendonitis, which comprised a little more than one-tenth of the time. AR 38. She did not put forward any evidence that the tendonitis had an impact on her ability to work, and she did not mention the tendonitis as impacting her ability to work during her testimony, other than to make generalized complaints of left-side pain. See AR 52, 128.

The Court also finds that the ALJ did not commit error with respect to the determination that Plaintiff's hand tremors were not a severe impairment. Plaintiff indicated that the limitations associated with her tremors began approximately on April 27, 2010, nearly a month after her date last insured. See AR 169. Moreover, Plaintiff did not mention the hand tremors when

8

testifying as to which of her ailments impacted her ability to work. <u>See</u> AR 43. The ALJ's finding that the tremors did not constitute a severe impairment before Plaintiff's date last insured was therefore supported by substantial evidence.

The Court also finds that that ALJ's RFC assessment was supported by substantial evidence. In making his RFC findings, the ALJ relied substantially on the ME's assessment. AR 24. The ME based his assessment on Plaintiff's medical records, which detailed her tendonitis, and her testimony in response to several questions about the treatment of her tendonitis posed by the ME at the hearing. AR 37-38. As with her other claimed limitations, Plaintiff did not present medical evidence demonstrating a more substantial impact from her tendonitis, or limitations caused by her tremors. Plaintiff also did not cross-examine the ME as to the effect of her tendonitis or tremors on his RFC assessment.

In sum, the record reflects that the ALJ properly considered the relevant medical evidence when determining what impairments were severe and when determining Plaintiff's RFC. Substantial evidence in the record supported the ALJ's determinations. Reversal is not warranted on this basis.

**B.     <u>The ALJ Properly Evaluated Plaintiff's Credibility</u>**

Plaintiff contends that the ALJ erred by failing to properly consider Plaintiff's subjective complaints. <u>See</u> JS at 9-12.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. <u>Vasquez v. Astrue</u>, 572 F.3d 586, 591 (9th Cir. 2009) (citing <u>Lingenfelter</u>, 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. <u>Lingenfelter</u>, 504 F.3d at 1036. "[O]nce the claimant produces objective

medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. <u>Robbins</u>, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." <u>Reddick</u>, 157 F.3d at 722 (quoting <u>Lester</u>, 81 F.3d at 834)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. <u>Smolen v. Chater</u>, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment, and may employ other ordinary techniques of credibility evaluation. <u>Id.</u> (citations omitted).

Plaintiff claimed that she was unable to work because of the pain and occupational limitations caused by her numerous impairments. <u>See</u> AR 50-57, 128. The ALJ determined that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's claims concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's assessment of plaintiff's RFC. AR 23.

10

1   In support of this adverse credibility determination, the ALJ gave several
2   legally sufficient reasons for discounting Plaintiff's credibility.  First, the ALJ
3   determined that Plaintiff's ability to engage in a "somewhat normal level of
4   daily activity and interaction," including daily activities such as cleaning,
5   driving, and mowing the lawn, undermined plaintiff's credibility because they
6   involved "the physical and mental abilities and social interactions" required to
7   sustain employment. AR 23. Under Ninth Circuit precedent, a claimant's
8   subjective complaints may be discredited on the basis of her daily activities.
9   See, e.g., Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (holding that
10  ALJ did not err in discounting claimant's testimony where he found that the
11  claimant's ability to perform chores such as cooking, laundry, washing dishes,
12  and shopping undermined the credibility of her subjective complaints); Tidwell
13  v. Apfel, 161 F.3d 599, 601-602 (9th Cir. 1998) (holding that ALJ's rejection of
14  claimant's testimony was supported by the record where claimant's testimony
15  that she did the laundry, cleaned the house, vacuumed, mopped, dusted, and
16  shopped for groceries was inconsistent with her claim of severe back
17  impairment). Especially in light of the inconsistency between the performance
18  of these activities and the extreme limitations described in Plaintiff's subjective
19  complaints, the Court finds that it was not erroneous for the ALJ to discredit
20  Plaintiff's testimony on this basis.

21  Second, the ALJ also noted that the Plaintiff had received conservative
22  treatment in light of the alleged severity of the symptoms caused by her
23  impairments. AR 23. This was particularly true with respect to Plaintiff's
24  fibromyalgia, for which she had not seen a rheumatologist and had not
25  received any treatment. Id. The Court finds that this also constituted a legally
26  sufficient basis on which the ALJ could properly support his adverse credibility
27  determination. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("We
28  have previously indicated that evidence of 'conservative treatment' is sufficient

11

1    to discount a claimant's testimony regarding severity of an impairment.").

2    The ALJ also observed that "[a]nother factor influencing the conclusion

3    reached in this decision is the claimant's generally unpersuasive appearance

4    and demeanor while testifying at the hearing. It is emphasized that this

5    observation is only one among many being relied upon." AR 23. Although this

6    basis is not sufficient alone, an ALJ may rely on personal observations of a

7    claimant in "the overall evaluation of the credibility of the individual's

8    statements." Orn v. Astrue, 495 F.3d 625, 639-40 (9th Cir. 2007). Where, as

9    here, there are other factors that support discounting a claimant's subjective

10   complaints, it is proper for the ALJ to consider his own personal observations.

11   See, e.g., Larsen v. Astrue, No. 10-CV-00936, 2011 WL 3359676, at *9 (E.D.

12   Cal. Aug. 3, 2011) ("When an ALJ includes personal observations of a

13   claimant during the hearing, the decision is not improper if other evidence

14   supports the determination.").

15   Because the ALJ has identified several legally sufficient reasons for

16   partially discrediting Plaintiff's subjective complaints about the intensity,

17   persistence, and limiting effects caused by her impairments, the Court finds

18   that the ALJ reasonably and properly discredited Plaintiff's subjective

19   testimony as not fully credible. Reversal is not warranted on this basis.

## V.

## CONCLUSION

22   The ALJ's denial of Plaintiff's application for Social Security benefits

23   was supported by substantial evidence in the record and contained no legal

24   error. Accordingly, the Court AFFIRMS the Commissioner's decision.

25   Dated:  November 21, 2013

_____

DOUGLAS F. McCORMICK
United States Magistrate Judge